## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

STEPHANIE DEL CARMEN PEREIRA GIANNAREAS, individually and on behalf of all others similarly situated,

        Plaintiff,

   v.

LENDINGUSA, LLC,

        Defendant.

Case No.

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Stephanie Del Carmen Pereira Giannareas ("Plaintiff"), individually and on behalf of all others similarly situated, brings this putative class action against Defendant LendingUSA, LLC ("Defendant") and, based upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and upon information and belief, supported by the investigation of counsel, as to all other matters, alleges as follows:

### NATURE OF THE ACTION

1. This putative class action arises out of Defendant's systematic and willful violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places to telephone numbers assigned to a cellular telephone service, without prior express consent.

## JURISDICTION AND VENUE

3.    **Subject Matter Jurisdiction**. This Court has federal question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331, as those claims arise under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.

4.    **Personal Jurisdiction**. This Court has personal jurisdiction over Defendant because this action arises out of and relates to Defendant's purposeful contacts with this state through its initiation and/or direction of unlawful telemarketing to Plaintiff, who received such telemarketing while located in this state. Defendant purposefully availed itself of the privilege of conducting business in this state by targeting consumers in this state with telemarketing activities, thereby establishing minimum contacts sufficient to support the exercise of personal jurisdiction.

5.    **Venue**. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, including Plaintiff's receipt of Defendant's unlawful calls while located in this district.

## PARTIES

6.    Plaintiff is a natural person and, at all relevant times, was a resident of Orange County, Florida.

7.    Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

8.     Defendant is a legal entity organized under the laws of Delaware with its principal place of business in Los Angeles County, California.

9.     Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

10.     Defendant is a financial technology company that provides point-of-sale consumer financing solutions.

11.     As part of its business, Defendant places outbound calls using an artificial or prerecorded voice.

## TCPA BACKGROUND

12.     In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, to curb the explosive growth of abusive telemarketing practices that invade consumer privacy and disrupt daily life. Congress recognized that "[u]nrestricted telemarketing…can be an intrusive invasion of privacy," particularly through automated technologies like robocalls and text messages. Pub. L. No. 102-243, § 2(5) (1991).

13.     The TCPA prohibits initiating any call, other than for emergency purposes or with prior express consent, using an ATDS or an artificial or prerecorded voice to a telephone number assigned to a cellular telephone service. 47 U.S.C. § 227(b)(1)(A)(iii).

## FACTUAL ALLEGATIONS

14.    Plaintiff is, and has been since approximately September 2021, the subscriber to and customary user of her cellular telephone number—(XXX) XXX-7127.

15.    Throughout March 2022, Defendant began placing numerous calls to telephone number (XXX) XXX-7127.

16.    Defendant placed calls to telephone number (XXX) XXX-7127 intending to reach someone other than Plaintiff.

17.    Defendant used an artificial or prerecorded voice in connection with the calls it placed to telephone number (XXX) XXX-7127.

18.    One of those calls, for example, delivered an artificial or prerecorded voice message that stated:

> Hey Mary this is Michelle with lendingUSA just giving you a call about your preapproval offer with us I did send you a link where you can get everything finalized over to your email if you do have any questions feel free to give me a call back at 800-994-6177 extension 522 enjoy your day...

19.    Given the generic nature of the message, the unnatural cadence of the voice utilized to leave the message, and the content of the message, the message Defendant delivered to telephone number (XXX) XXX-7127 was artificial or prerecorded in nature.

20.    The pattern and tone of the speech of the prerecorded message are not consistent with live, human speech and instead are consistent with a message that is artificial or prerecorded in nature.

4

21.    The prerecorded or artificial voice messages Defendant delivered to telephone number (XXX) XXX-7127 were impersonal and did not identify Plaintiff or any specific recipient.

22.    By listening to the message, Plaintiff readily identified the message as prerecorded and not live speech.

23.    Defendant placed its calls to telephone number (XXX) XXX-7127 from telephone number (800) 994-6177.

24.    When dialed, telephone number (800) 994-6177 plays a recording that begins, "Thank you for calling LendingUSA . . . ."

25.    The message Defendant delivered to telephone number (XXX) XXX-7127 also provided telephone number (800) 994-6177 as the call-back number.

26.    On its website, LendingUSA provides telephone number (800) 994-6177 as its telephone number.[1]

27.    Defendant's calls and artificial or prerecorded voice messages to telephone number (XXX) XXX-7127 were intended for a person named Mary.

28.    Plaintiff is not Mary.

29.    Plaintiff does not know the Mary who Defendant intended to reach by placing calls to telephone number (XXX) XXX-7127.

30.    Plaintiff did not give anyone named Mary permission or consent to provide her cellular telephone number to third parties.

---

[1] https://lendingusa.com/ (last visited Mar. 18, 2026).

31.     Plaintiff did not give Mary permission or consent to provide her cellular telephone number to Defendant.

32.     Upon information and good faith belief, a person named Mary was a prior user of or subscriber to telephone number (XXX) XXX-7127 before that telephone number was assigned to Plaintiff.

33.     Plaintiff does not have, and has never had, an account with Defendant.

34.     Plaintiff does not have, and has never had, any business relationship with Defendant.

35.     Plaintiff did not apply for a loan with Defendant.

36.     Plaintiff did not provide telephone number (XXX) XXX-7127 to Defendant.

37.     Plaintiff did not provide Defendant with consent to place calls, in connection with which Defendant used an artificial or prerecorded voice, to telephone number (XXX) XXX-7127.

38.     Defendant had knowledge that it was using an artificial or prerecorded voice in connection with the subject calls it placed to telephone number (XXX) XXX-7127.

39.     Plaintiff listened to the artificial or prerecorded voice message Defendant delivered to her cellular telephone.

40.     Plaintiff suffered actual harm as a result Defendant's subject calls, in connection with which it used an artificial or prerecorded voice, in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

41.     Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service, absent prior express consent.

## CLASS ALLEGATIONS

42.     Plaintiff brings this action individually and as a class action under Fed. R. Civ. P. 23(a) and (b)(3) on behalf of the following proposed Class:

> All persons in the United States who, during the period beginning four years prior to the filing of this action and ending on the date of class certification, (1) received a telephone call (2) on their cellular phone (3) from Defendant or on its behalf (4) that used an artificial or prerecorded voice.

43.     Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

44.     *Numerosity*. The members of the Class are so numerous that individual joinder is impracticable. Although the exact number of Class members is unknown, Plaintiff alleges upon information and belief that each Class includes at least 40 members based on the nature and objective of telemarketing campaigns, which are designed to reach a large volume of potential customers (called "leads" in the industry), in order to convert a small percentage of those leads into actual customers to ultimately drive increased sales to the company that engage in telemarketing. Class members are ascertainable because they are defined by reference to objective criteria.

7

45. In addition, the members of the class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties, including class members.

46. ***Common questions of law and fact predominate.*** There are numerous questions of law and fact that are common to the Class that predominate over any questions affecting only individual members of the Class, which will produce common answers that will drive resolution of the litigation, and they include, but are not limited to, the following:

   a. Whether Defendant used an artificial or prerecorded voice to make the calls at issue;

   b. Whether Defendant's conduct was knowing and/or willful;

   c. Whether Plaintiff and the Class are entitled to statutory damages, liquidated damages, and/or punitive damages, and the amount of such damages; and

47. ***Typicality***. Plaintiff's claims are typical of the Class members' claims under Fed. R. Civ. P. 23(a)(3) because they arise from the same course of conduct by Defendant and are based on the same legal theories. Plaintiff and Class members suffered similar harms, and Plaintiff is not subject to unique defenses.

48. ***Adequacy of representation***. Plaintiff will fairly and adequately protect the Class's interests under Fed. R. Civ. P. 23(a)(4). Plaintiff has retained counsel

experienced in complex consumer class actions and TCPA litigation and intends to vigorously prosecute this action. Plaintiff has no interests antagonistic to the Class.

49.    *Superiority*. A class action is superior to other methods for fairly and efficiently adjudicating this controversy under Fed. R. Civ. P. 23(b)(3). Individual litigation is economically infeasible due to the high costs relative to individual, making separate lawsuits impractical. Class treatment avoids burdening the court system with numerous individual cases and prevents inconsistent rulings or standards for Defendant. For example, one court might enjoin Defendant's conduct while another might not, creating conflicting obligations. Class members are unlikely to pursue individual claims due to the modest damages relative to litigation costs.

50.    In addition to satisfying the prerequisites of Fed. R. Civ. P. 23(a), Plaintiff satisfy the requirements for maintaining a class action under Fed. R. Civ. P. 23(b) because:

a.    The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

b.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c.    Defendant has acted or refused to act on grounds that apply generally to the proposed Class, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Class as a whole; and

d.    Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## CAUSES OF ACTION

## COUNT 1

### Violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

51.    Plaintiff incorporates by reference and realleges the allegations in the paragraphs above as though fully set forth herein.

52.    Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class, without consent.

53.    As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

**DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases, call logs, text message records, or other itemizations associated with the allegations herein, including those in the possession of any vendors, individuals, or companies contracted, hired, or directed by Defendant to assist in initiating the alleged unlawful solicitations. This includes but is not limited to records identifying telephone numbers contacted, dates and times of the solicitations, consent documentation, and do-not-call requests.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A.    An order certifying the Class, appointing Plaintiff as Class Representative, and Plaintiff's counsel as Class Counsel;

B.    Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

C.    Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(b)(3)(B);

D.    An award to Plaintiff and the Class reasonable attorney's fees as available under the law;

E.    An award to Plaintiff and the Class of their costs of this action as available under the law;

11

F.    An award to Plaintiff and the Class of post-judgment interest as available under the law; and

G.    An award of any such further and other relief as the Court deems just and equitable.

Dated: March 18, 2026                                    Respectfully submitted,

*/s/ Christopher Gold*

Christopher Gold, Esq.
Florida Bar No. 088733
**GOLD LAW, PA**
350 Lincoln Rd., 2nd Floor
Miami Beach, FL 33139
Tel: 305-900-4653
chris@chrisgoldlaw.com

*Lead Counsel for Plaintiff and the Proposed Class*

*/s/ Garrett Berg*

Garrett Berg, Esq.
Florida Bar No. 1000427
**GARRETT BERG LAW, P.A.**
555 NE 15th St., PH A
Miami, FL 33132
garrett@gberglegal.com

*Counsel for Plaintiff and the Proposed Class*